UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| ALESHNA KUMARI, A.K., A.S., and A.K.M., inclusive,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SACRAMENTO; JESSE GOMEZ-COATES, an individual; JANELLE GONZALEZ, an individual; LEONA WILLIAMS, an individual; and DOES 1-50, inclusive,<br><br>Defendants. | No. 2:18-CV-00061-WBS-AC<br><br>MEMORANDUM AND ORDER RE: DEFENDANT'S MOTION TO DISMISS SECOND AMENDED COMPLAINT, AND ALTERNATIVE MOTION FOR MORE DEFINITE STATEMENT |

----oo0oo----

Plaintiffs, three minor children and their mother Aleshna Kumari, filed this lawsuit against the County of Sacramento, as well as against Jesse Gomez-Coates, Janelle Gonzalez, and Leona Williams, who are employed by Sacramento County Child Protective Services ("CPS"). Plaintiffs claim that defendants violated their civil rights when they removed the minor plaintiffs from their mother's care without a warrant and placed them in a foster home, where they allegedly suffered

1

neglect and physical injuries.  Plaintiffs seek relief for constitutional violations under 42 U.S.C. § 1983.  They also allege violations of California Government Code sections pertaining to breach of mandatory duty.  Presently before the court are defendants' motion to dismiss the Second Amended Complaint ("SAC"), and alternative motion for a more definite statement.  (Docket No. 16.)

        Plaintiffs' legal claims revolve around defendants' removal of the minor plaintiffs from their mother's custody, and their subsequent alleged failure to prevent or halt the neglect and abuse the minor plaintiffs allegedly suffered while in foster care.  Specifically, plaintiffs allege that on January 11, 2017, defendant Gomez-Coates improperly took custody of the minor plaintiffs from plaintiff Kumari.  (Id. ¶ 21.)  On approximately January 19, 2017,[1] Sacramento County Child Protective Services placed the minor plaintiffs in foster care with Evelyn and Anthony Martin.  (Id. ¶ 26.)  Allegedly, though the defendants were of several issues with the Martin household and minor plaintiffs' treatment therein, the individual defendants did not visit the foster home to investigate the minor plaintiffs' living conditions.  (Id. ¶ 29.)

        On February 22, 2017 plaintiff Kumari learned that the Martins' dog had bitten A.K.M. below his right eye.  (Id. ¶ 30.)  The next day, the minor plaintiffs were removed from the foster

---

[1] The SAC states that the minor plaintiffs were placed into foster care on approximately January 19, 2019, but as this date is in the future, the court assumes that this is a typo and that the placement actually occurred on approximately January 19, 2017.

2

home and returned to the care of plaintiff Kumari.  (Id.)

To survive a motion to dismiss, a plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

The court's ability to evaluate whether the SAC's claims meet this pleading standard is thwarted by the SAC's confusing organization.  The SAC contains five "causes of action."  The first through third of these are composed of multiple subordinate "counts."  For example, the second cause of action, which spans paragraphs 49 through 86 in the SAC, contains four separate "counts."  Partly as a result of this idiosyncratic structure, the court cannot discern what legal claims plaintiffs assert against which defendants.  Particularly unclear are the relationships between and among the various federal and state statutes cited in the SAC.

The court's ability to divine precisely what the SAC alleges is also hampered by the SAC's rambling prose, repetitiveness, and manifold references to apparently extraneous parties, facts, and regulations.

Pursuant to the discussion with the parties at oral argument, the court will dismiss the SAC in its entirety.  At oral argument, plaintiffs' counsel made specific representations about how they would consolidate plaintiffs' claims and clarify

the complaint if given leave to amend. Although the court expresses no opinion as to whether plaintiffs' new complaint constructed around those representations will state claims upon which relief may be granted, the court will grant plaintiffs leave to amend the complaint pursuant to those representations.

IT IS THEREFORE ORDERED that defendants' Motion to Dismiss plaintiffs' Second Amended Complaint (Docket No. 16) be, and the same hereby is, GRANTED. Pursuant to the discussion at oral argument, the Second Amended Complaint (Docket No. 6) is DISMISSED in its entirety.

Plaintiffs are given thirty days from the date of this order to file an amended complaint consistent with this Order.

IT IS FURTHER ORDERED that defendants' motion for a more definite statement be, and the same hereby is, DENIED AS MOOT.

Dated: November 14, 2018

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE