UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| ALESHNA KUMARI, A.K., A.S., and A.K.M., inclusive,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SACRAMENTO; JESSE GOMEZ-COATES, an individual, JANELLE GONZALEZ, an individual, LEONA WILLIAMS, an individual, and DOES 1-40 inclusive,<br><br>Defendants. | No. 2:18-cv-61 WBS AC<br><br>ORDER APPROVING MINOR'S COMPROMISE |

----oo0oo----

Plaintiffs, three minor children and their mother Aleshna Kumari, filed this lawsuit against the County of Sacramento, as well as against Jesse Gomez-Coates, Janelle Gonzalez, and Leona Williams, who are employed by Sacramento County Child Protective Services. Plaintiffs allege violations of their constitutional rights as well as the California Government Code sections pertaining to breach of mandatory duty.

1

Hardip Singh was appointed as guardian ad litem for A.S., A.K., and A.K.M.. (Docket No. 15.) Presently before the court is Hardip Singh's Petition for Approval of Minor's Compromise. (Docket No. 33.) The court held a hearing on this petition on September 9, 2019.

Under the Eastern District of California's Local Rules, the court must approve the settlement of the claims of a minor. E.D. Cal. L.R. 202(b). The party moving for approval of the settlement must provide the court "information as may be required to enable the [c]ourt to determine the fairness of the settlement or compromise[.]" Id. at L.R. 202(b)(2); see also Robidoux v. Rosengren, 638 F.3d 1177, 1179 (9th Cir. 2011) (stating that district courts have a duty "to safeguard the interests of minor plaintiffs" that requires them to "determine whether the net amount distributed to each minor plaintiff in the proposed settlement is fair and reasonable[.]").

In Robidoux, the Ninth Circuit specifically instructed district courts to "limit the scope of their review to the question whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." 638 F.3d at 1181-82. Although the Robidoux court expressly limited its holding to a minor's federal claims, 638 F.3d at 1179 n.2, district courts have also applied this rule in the context of a minor's state law claims. See, e.g., Frary v. County of Marin, Case No. 12-cv-3928-MEJ, 2015 WL 575818, at *2 (N.D. Cal. Feb. 10, 2015).

Under the proposed settlement, reached through private

mediation, the plaintiffs will receive $15,000.  That amount will be allocated between the parties as follows:

| | |
|---|---|
| A.K. | $2,500 |
| A.K.M. | $5,000 |
| A.S. | $2,500 |
| Aleshna Kumari | $5,000 |

(Choudhary Decl. ¶ 4 (Docket No. 33-2).)  From this sum, $1,405.83 will be deducted for attorneys' costs.  (Pet. For Approval of Minor's Compromise ¶ 14.)  This amount will be allocated equally across all four plaintiffs.  (Id.)

$2,500 in attorneys' fees will also be deducted from the settlement and allocated as follows:

| | |
|---|---|
| A.K. | $625 in attorneys' fees |
| A.K.M. | $1,250 in attorneys' fees |
| A.S. | $625 in attorneys' fees |

(Id. ¶ 15.)  $2,500 represents 25% of the $10,000 allocated to the minors.  It "has been the practice in the Eastern District of California to consider 25% of the recovery as the benchmark for attorney's fees in contingency cases involving minors."  See Chance v. Prudential Ins. Co. of Am., No. 1:15-cv-1889-DAD-JLT, 2016 WL 3538345, at *3 (E.D. Cal. June 29, 2016) (compiling cases).  Thus, the court finds that attorneys' fees totaling 25% of the portion of the settlement allocated for the minor plaintiffs is reasonable under the circumstances.

Following the deduction of attorneys' costs and fees, the net recovery for each minor child will be as follows:

| | |
|---|---|
| A.K. | $1,524 |
| A.K.M. | $3,399 |

3

| | | |
|---|---|---|
| 1 | A.S. | $1,524 |

(Choudhary Decl. ¶ 7.)  These funds will be placed in "blocked accounts" and will be made available to the minors once they attain 18 years of age.  (Pet. for Approval of Minor's Compromise ¶ 17.)

The court, having considered all of the papers on file, finds that the settlement is fair and reasonable and in the best interests of the minor children.  See E.D. Cal. L.R. 202(b); see also Robidoux, 638 F.3d at 1179.  Accordingly, the court will approve the settlement of plaintiffs' claims against defendants and will grant Hardip Singh's Motion for Approval of Minor's Compromise.

IT IS THEREFORE ORDERED that the Motion to Approve the Minor's Compromise (Docket No. 33) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED THAT:
(1) Settlement funds shall be disbursed as set forth in the Declaration of Nilesh Choudhary in Support of Petition for Order Authorizing Compromise of Minor's Claim (Docket No. 33-2);
(2) Minor plaintiffs' Guardian Ad Litem, Hardip Singh, is hereby authorized to and shall execute all documents reasonably necessary to carry out the settlement;
(3) Upon receipt of the settlement funds, the minor plaintiffs' Guardian Ad Litem shall deposit each minor plaintiff's settlement funds into a restricted saving account for him or her;
(4) No funds shall be withdrawn from any of the minor

4

plaintiffs' restricted accounts except upon court order until each respective minor plaintiff's eighteenth birthday, at which time that plaintiff may withdraw said funds upon receipt of proof of his or her age by the bank.

Dated: September 10, 2019

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE